IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LUCID HEALTH, INC.,

      Plaintiff,

  v.                                     Civil Action 2:20-cv-1055
                                        Chief Judge Algenon L. Marbley
                                        Magistrate Judge Jolson

PREMIER IMAGING VENTURES, LLC,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's unopposed Motion for Leave to File Under Seal. (Doc. 31). For the reasons that follow, Defendant's unopposed Motion is **GRANTED**, and Defendant may file under seal the portions of the expert report and corresponding documents discussed in this Opinion.

### I.    BACKGROUND

This is a trademark infringement action between Plaintiff Lucid Health, Inc., a business and market research and consulting firm in the health care and health care products industry and Defendant Premier Imaging Ventures, LLC, which offers medical practice management services. (*See generally* Doc. 1). The parties are currently engaging in expert discovery. (*See* Doc. 29).

Defendant seeks to file under seal portions of its expert's report, asserting that it contains "confidential and proprietary information." (Doc. 31 at 1). Defendant filed a redacted version of the expert report (Doc. 31-1) and submitted an unredacted version to the Court for *in camera* review. Specifically, Defendant seeks to file under seal:

- fewer than twelve words from Paragraphs 28 and 30 consisting of a provision from Defendant's Management Services Agreement, a highly confidential contract executed between Defendant and each of its customers;

- roughly twelve line items from Paragraph 41 containing the identities of Defendant's prospective customers who have executed non-disclosure agreements while negotiations take place;
- four line items from Paragraph 47 n. 54 containing Defendant's marketing financial information;
- fewer than three words from Paragraph 48 containing Defendant's marketing financial information;
- Paragraphs 60 and 61 containing Defendant's revenue and revenue forecasting information;
- Paragraph 106 containing Defendant's expansion plans; and
- roughly 17 documents cited within the expert report containing, *inter alia*, Defendant's marketing, revenue, and forecasting information.

(Doc. 31 at 1–2).

## II.   STANDARD

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id*. (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quotation marks omitted).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to

2

overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

### III.  DISCUSSION

Defendant asserts that the items at issue, produced in discovery, contain its confidential and commercially sensitive business and financial information. (Doc. 31 at 3). More specifically, that they contain revenue and sales data, financial calculations and forecasts, and potential customers with whom Defendant has executed non-disclosure agreements. (*Id.*). So, says Defendant, disclosure of these items would harm its competitive business interests. (*Id.*).

"This Court has repeatedly held that companies have a compelling interest in protecting such information from their competitors—especially where, as here, disclosure would cause a competitive disadvantage." *London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (citing *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("This Court has previously recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings."); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal documents containing "market

share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy")).

Defendant has met its burden to justify sealing the items at issue.  As noted, these portions of the expert report and corresponding documents contain information that would provide competitors with an inside look at Defendant's business strategies and potential customers.  For example, Paragraphs 60 and 61 of the expert report disclose confidential revenue forecasting information, and the documents cited within the expert report contain, for example, Defendant's contracts with marketing analysis firms for strategic purposes, including expansion.  (Doc. 31 at 5–6).

Finally, the Court notes that Defendant seeks to seal only discrete portions of the expert report, along with 17 documents cited therein, so its request is sufficiently narrowly tailored to serve the compelling reasons justifying redaction.  *See Shane Grp*., 825 F.3d at 305.  Indeed, the total redactions consist of less than one page of the sixty-page expert report.  (*See* Doc. 31-1).

In sum, Defendant has set forth compelling reasons to seal discrete portions of its expert report.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's unopposed Motion (Doc. 31) is **GRANTED**, and Defendant may file the portions of its expert report and corresponding documents discussed in this Opinion under seal.

IT IS SO ORDERED.


Date:  January 14, 2021                              /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE